Supreme Court January term 1835. ▮▮▮▮▮ *George W. Bedell vs: Joshua Poyer.*  Returned and filed in open Court June 18. 1835 ▮
A. D. Fraser — Bedell's attorney—

Copy—
Territory of Michigan
County of Wayne    ss:

    George W. Bedell of the City of Detroit, Maketh oath & Saith that in the month of June last, Joshua Poyer instituted a suit at his instance against this deponent before Henry Chipman Esquire, a Justice of the peace in and for said County, in a plea of the Case, and subsequently by his Attorney filed a Declaration in the cause, of which a true copy is hereunto annexed, to which Deponent pleaded non assumpsit, and at same time gave notice of set off— that said cause stood adjourned till the 26ᵗʰ day of June last, when the same was tried before said Justice— that there was no testimony whatever introduced before said Justice to prove the contract declared on, but the purport, object and tendency of such testimony was to prove a partnership between the plaintiff & deponent— whereupon the defendant by his Counsel moved for a non Suit on the ground that the Justice had no jurisdiction of the Case, it involving partnership dealings merely, still remaining open and unsettled; and also on the ground that the plaintiff could not sustain the action against his Copartner unless there had been a settlement of accounts and a promise to pay the balance but the Justice ruled and decided that he could not nonsuit the plaintiff against his consent, and that he did not consider the case within the rule insisted on, on the ground of partnership— Whereupon the Defendant was necessarily Compelled to produce vouchers & introduce witnesses to shew the Expenditures in and about erecting the building alluded to in said declaration, and paid by him as a Copartner — that in addition to this the Defendant Exhibited a note for thirty five dollars besides interest Which had been granted by plaintiff to one David C MᶜKinstry on the 5ᵗʰ April last, and payable on demand and which had been previously assigned to this Defendant— & claimed the same as a set off, the Signature to which was admitted by plaintiff, but he insisted that he expected to be able to shew that said note had been assigned after the Commencement of the suit, and he therefore moved that the Cause should be continued till the following day— That after the testimony was closed on the part of this deponent, & after the Examination of Witnesses on part of plaintiff, & the case was submitted by his Counsel for decision, the Justice without any legal shewing whatever and against the consent of this deponent Continued the Cause to the following day, when as this deponent has since learnt, the Justice proceeded to hear further & additional testimony & Witnesses, a witness, in the Cause in the absence of this Deponent and

his attorney; and thereupon rendered Judgment against the deponent for Sixteen Dollars twenty five cents besides costs— thereby rejecting the said Set off— at which this Deponent Conceives himself greatly aggrieved— Whereupon this Deponent gave notice of his intention to remove the same by Writ of Certiorari— That said Justice greatly Erred in his decision & Judgment aforesaid, as he is advised by Counsel and verily believes—

(Signed)   G. W. Bedell.

Sworn to & subscribed this 15th July 1834— }
    (Signed)   Robert Abbott J. P. W. C.   }

(Copy)   Declaration within referred to—

*"James Poyer vs:* }
*George W. Bedell* }

The plaintiff James Poyer complains of the Def<sup>t</sup> George W Bedell, now in Custody, in a special action on the Case in assumpsit— that whereas the said Def<sup>t</sup>. agreed & undertook to pay to the plaintiff one half of the profits of a certain job, towit, the framing and erecting of a certain building for Benjamin Le Britain, the amount of said job being $100, and in consideration that the said plaintiff would perform or cause to be performed or executed one half of the work and labor in erecting & putting up said frame — And the said plaintiff avers that he did perform in part & offer & was always ready to perform entire his part of the said agreement, but the said Defendant has refused and Still does refuse to perform his part of the agreement, to the damage of the said plaintiff one hundred Dollars."

A true copy of the original affidavit on file in my office Detroit Nov. 28. 1834—

JN° WINDER, Clerk<br>Sup: Court M T.

[<em>Attached to the foregoing</em>]

Territory of Michigan,   Supreme Court, — towit:
The United States of America

[SEAL]   *To Henry Chipman, Esquire, one of the Justices of the peace in and for the County of Wayne:* —— Greeting:

We being willing for certain reasons that the Judges of said Supreme Court should be certified what plaints are levied or affirmed before you against George W. Bedell at the suit of Joshua Poyer in an action of Trespass on the case, do therefore Command you that all and singular the said plaints together with all things touching the same, you distinctly and openly send to the Judges of said Supreme Court at the Court house in the city of Detroit upon the first Monday of January next ensuing, as fully and as amply as the same remains before you, by whatsoever names the parties may be called in the same, together with this writ, that the said Supreme Court may cause to be done thereupon what of right should be done.

Witness   The Hon: Solomon Sibley Presiding Judge of the Supreme Court of the Territory of Michigan at the city of Detroit this Eighteenth day of December in the year of our Lord one thousand Eight hundred and thirty four.

JN° WINDER, Clerk.

A. D. Fraser   attorney for Bedell.

[*Attached to the foregoing*]

(840)

Joshua Poyer vs.⎫     To the Honorable the Judges of the Supreme Court in & for the
Geo W Bedell ⎭     Territory of Michigan

In obedience to a writ of Certiorari to me directed I Henry Chipman one of the Justices of the peace in & for the said County do send all & singular the plaints, together with all things touching the same in the above entitled case before me towit 1835. June 5th Warrant issued on the oath of plff -returned serv'd, with deft in custody continued to the 9th June. June 9th the deft appears & on his motion continued to the 14th of June — June 14th continued for cause by plff to the 16th June. —— June 16th The parties appear. The plff declares in a special action on the case in assumpsit towit "The Plff James Poyer complains of the deft Geo. W "Bedell now in custody in a special action of the case in assumpsit, that whereas the "said deft agreed & undertook to pay to the plff. one half of the profits of a certain "job, towit the framing & erecting of a certain building for Benjamin Le Breton, "the amount of said job being one hundred dollars, for & in consideration that the "said plaintiff would perform or cause to be performed one half of the work & "labour in erecting & putting up said frame and the said plaintiff avers that he did "perform in part & was always ready to perform entire his part of the said agree- "ment, but the defendant has refused & still does refuse to perform his part of the "agreement to the damage of the plff one hundred dollars" The deft plead the general issue & notice of set off. The deft demanded a jury whereupon a jury were drawn, summoned, impannelled & sworn. Witnesses were sworn & testified. The jury not being able to agree were discharged by consent & the case continued to the 23d day of June.

June 23. The parties appeared. Miss Poyer, Versal Rice, John Kelsey & Mr LeBreton witnesses on behalf of the plff. & E. Parker & Knowles Stone witnesses in behalf of the deft are sworn & testified. A subpoena issued in behalf of the plff for D. C McKinstry. the witness not appearing the cause was continued by the plff to the 24th June. which continuance was objected to by the defendant. June 24th The plff appears but the deft comes not. D. C. McKinstry a witness in behalf of the plff is sworn & testified On hearing the testimony judgment was rendered for the plaintiff for *sixteen dollars* & twenty five cents damages & his cost.

And I do furthew certify that the facts stated in the defendants affidavit are substantially true with the exceptions herein after mentioned. The evidence did not in my opinion involve partnership dealings merely, but shewed a violation of an express agreement. & the introduction of witnesses & vouchers by the deft was for the purpose of lessening the amount of damages.

D. C McKinstry was summoned as a witness on the part of the plff & not appearing the cause was continued to the next day to enable the plaintiff to procure the attendance of the said witness. On the adjournment day the defendant did not appear, but the plaintiff came as did also the said D. C. McKinstry & being sworn as a witness on behalf of the plaintiff testified that the defendant came to him two or three weeks before that time, stating that the plaintiff had a "demand against him "which was not honest & he did not mean to pay it, & wanted to get a note which "the witness had against the plaintiff, (the same which was exhibited as a set off). "The defendant promised to account to the witness for the balance if he recovered- "that the witness thereupon delivered the note to the defendant yesterday (the "day of trial) & not before. Heard there was a difficulty between them which was "likely to result in a law suit at the time the defendant first spoke to him about the

"note, but thinks no suit was commenced. The note was not given to him till yester-
"day & the assignment on the back was antidated to about the time when the de-
"fendant first spoke to the witness about the note."

And I further certify that upon hearing the testimony I disallowed the said note offered by the defendant as a setoff & rendered judgment for the plaintiff as above set forth.

HENRY CHIPMAN
J.P. W.C.

[Indorsement]   *Bedell ads. Poyer*